[Civil No. 349.    Filed April 15, 1893.]

[77 Pac. 619.]

HUACHUCA WATER COMPANY, Defendant and Appellant, v. GEORGE W. SWAIN, Plaintiff and Appellee.

1. EVIDENCE—OPINIONS—PRUDENCE OF INJURED PERSON—QUESTION FOR JURY.—A question as to whether a person, ordinarily prudent, could fail to have perceived the trench into which plaintiff fell is clearly objectionable, it calling for the opinion of the witness as to the prudence of the plaintiff, which is a question for the jury.

2. SAME—SAME—QUANTITY OF LIGHT—COMPETENCY.—Opinions of witnesses as to the quantity of light are competent, but the inquiry must be limited to the degree of light or darkness.

3. APPEAL AND ERROR—HARMLESS ERROR—OBJECTION SUSTAINED TO QUESTION WHERE OTHER SIMILAR QUESTIONS ARE PERMITTED.—Where a question, to which objection is sustained, is proper, such error is harmless, inasmuch as a very similar question was asked and the witness was allowed to answer.

4. PERSONAL INJURIES—STREET AND SIDEWALKS—CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK—INSTRUCTIONS—KNOWLEDGE OF DANGER—FAILURE TO EMBODY ELEMENT OF KNOWLEDGE IN INSTRUCTION.—An instruction that "the rule denying the right of recovery for negligence in cases in which the plaintiff by simply looking would have avoided the injury complained of, is one of wide application, and the jury is instructed that if the plaintiff fell into the excavation in question (in a public street), while walking along at night, absorbed in thought, or with mind preoccupied, and not looking where he was going, but might have seen the excavation if he had looked, and have avoided it, then he is guilty of contributory negligence, and cannot recover," is properly refused, as it requires of the plaintiff, a passenger along a public street, which he has a right to assume is safe, a greater degree of vigilance than the law imposes. Though there was evidence in the case tending to show that plaintiff had knowledge of the existence of the trench, and that therefore he would be negligent if he failed to look for it and avoid it, the above instruction does not embody the element of knowledge and the refusal of the trial court to give it was proper.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Arizona 4—8

William Herring, for Appellant.

W. H. Stilwell, for Appellee.

KIBBEY, J.—This is a suit by the appellee against the appellant for damages for personal injuries.

It is alleged that the appellant, the Huachuca Water Company, excavated a trench twenty-five feet in length, forty inches deep, and thirty inches wide, in a public street in the city of Tombstone; that the company left the trench open, unguarded, and without anything to indicate its dangerous character; that in the night-time the appellee, while attempting to cross the street, without fault on his part, fell into the trench and sustained serious bodily injuries.

There was a trial below which resulted in a verdict for the appellee. The appellant here complains of the ruling of the lower court in excluding and admitting evidence, and in giving and in refusing to give certain instructions to the jury. We will notice the alleged errors in the order in which they are presented in appellant's brief.

While a witness for appellee was on the stand, appellant asked him upon cross-examination, "Could a person at the time Mr. Swain came to your office on the evening of this accident, who crossed from Barrow's barber-shop, diagonally across Allen Street to your place, ordinarily prudent, fail to perceive the —— which you have described, the line of earth which you have described, and the trench which you have described?" The court sustained an objection to the question. Other questions of similar import were asked of this and other witnesses and objections sustained to them.

We think this question clearly objectionable. The question of prudence or want of prudence is one for the jury, and not for the witness.

Prudence or want of prudence cannot affect the sight. An imprudent man can see as well as a prudent one. True, an imprudent man may neglect the use of that faculty where safety to himself required its use. In such a case contributory negligence would be imputed to him.

The question calls for the opinion of the witness not so much as to the quantity of light, as urged by appellant, as to the exercise of prudence. If the witness had been permitted to

answer the question, and had he answered it in the negative, it would have been but his opinion that the person who did not see the trench under the circumstances described was imprudent.

Appellant urges that the question was intended to elicit information only as to the quantity of light, and cites a number of authorities that opinions in such matters are competent. This is true enough.

A witness may be asked whether it was light enough for objects to be seen, and may be asked at what distance they can be seen, to determine the quantity of light. But the inquiry must be confined to the degree of light or darkness.

If it were broad daylight, and plaintiff walked into the trench, he might have been deemed imprudent, but that was for the jury and not for the witness to determine. The question is otherwise objectionable, but we need not further discuss it.

There was no error in the ruling of the court in sustaining the objection.

The appellant asked the appellee upon cross-examination if there was not sufficient light at the time of the accident to permit a person standing upon the sidewalk (of the street in which the trench was excavated) to see the trench. The court sustained the objection to the question. We think the question was a proper one, but, upon the whole record, we cannot see that the appellant was materially injured by the ruling, inasmuch as a very similar question was asked and the witness was allowed to answer.

A witness was permitted to testify that on the evening of the accident he, in company with his wife, came out of a restaurant, started across the street, and became aware of the existence of the trench only by walking into the pile of earth thrown out of it. Appellant moved to strike out this evidence. We think this evidence was not relevant, but we have carefully examined the record and cannot see that appellant was materially injured by the ruling. The appellant complains of one of the instructions given by the court to the jury. The instruction states the law correctly, and it is not open to the objections of the appellant that it comments on the evidence.

The appellant asked the court to give the following instruction to the jury: ''The rule denying the right of recovery for

negligence in cases in which the plaintiff by simply looking would have avoided the injury complained of, is one of wide application, and the jury is instructed that if the plaintiff fell into the excavation in question while walking along at night, absorbed in thought, or with mind preoccupied, and not looking where he was going, but might have seen the excavation, if he had looked, and had avoided it, then he is guilty of contributory negligence and cannot' recover." The court refused the instruction.

The court did, however, fully instruct the jury upon the subject of negligence and of contributory negligence.

The instruction asked, and which the court refused, does not, in our opinion, fully state the law. It requires of the plaintiff, as passenger along a public street, which he has a right to assume is safe, a greater degree of vigilance than the law imposes.

Appellant urges that as there was evidence in the case tending to show that appellee knew, or had such opportunities to know, of the existence of the trench that he might fairly be charged with such knowledge, and that therefore he would be negligent if he failed to look for it and avoid it.

This is true, but the instruction asked does not embody the element of knowledge by the appellee of the existence of the trench.

We think the instructions given in the case were full and correct. We find no errors in the record that warrant us in reversing the case. The judgment is therefore affirmed.

Gooding, C. J., and Wells, J., concur.